[No. 3958–II. Division Two. December 30, 1980.]

J. K. WOFFORD, *Appellant,* v. THE DEPARTMENT OF REVENUE, *Respondent.*

---

*Robert W. Bjur,* for appellant.

*Slade Gorton, Attorney General,* and *Larry R. Schreiter, Assistant,* for respondent.

REED, C.J.—J. K. Wofford appeals a summary judgment order dismissing his action for a tax refund. We reverse.

The facts of this case are undisputed. J. K. Wofford, neither an Indian nor licensed Indian trader, operates a used car business and garage in Wapato, which is located within the Yakima Indian Reservation. During 1973 Wofford sold used cars and trucks licensed by the State of Washington to members of the Yakima Indian Tribe. Wofford also made repairs to licensed vehicles owned by tribal members. The vehicles were used both on and off the Indian reservation.

Wofford collected neither a sales nor use tax on these sales or repairs. After an audit the Department of Revenue assessed a retail sales tax of $972 against Wofford. Wofford paid the assessment along with $346 in interest and then brought this action for a refund, contending that the State had no jurisdiction to assess any tax against vehicles owned by Indians and used at least partially on the reservation. After commencement of this action the Department of Revenue retreated from its position that the assessment represented a retail sales tax, but urged that the assessment should be upheld as a use tax.[1] The trial court granted

---

[1]Both parties have devoted portions of their briefs to the effect of the assessment being initially labeled a "retail sales tax." Because we believe that under the decision in *Washington v. Confederated Tribes of the Colville Indian Reservation,* 447 U.S. 134, 65 L. Ed. 2d 10, 100 S. Ct. 2069 (1980), discussed *infra,* the tax cannot be upheld regardless of its label, we need not discuss this issue.

summary judgment for the Department of Revenue on the basis of a use tax. Wofford appeals.

 This appeal raises yet again "the intricate problem of state taxation of matters involving Indian tribes and their members." *Washington v. Confederated Tribes of the Colville Indian Reservation,* 447 U.S. 134, 138, 65 L. Ed. 2d 10, 19, 100 S. Ct. 2069, 2073 (1980). Fortunately, our examination of this "vexing area" need not extend beyond the United States Supreme Court's recent decision in *Colville.* In *Colville* the Supreme Court struck down as applied to Indians a Washington motor vehicle excise tax, RCW 82.44.020, imposed on "the privilege of using in the state any motor vehicle". Relying on *Moe v. Confederated Salish & Kootenai Tribes of Flathead Reservation,* 425 U.S. 463, 48 L. Ed. 2d 96, 96 S. Ct. 1634 (1976), which held that under the supremacy clause of the constitution Montana's personal property tax could not be applied to vehicles owned by tribal members and used both on and off the reservation, the Supreme Court in *Colville* held at 447 U.S. 163–64, 65 L. Ed. 2d 35–36:

> While Washington may well be free to levy a tax on the use outside the reservation of Indian–owned vehicles, it may not under that rubric accomplish what *Moe* held was prohibited. Had Washington tailored its tax to the amount of actual off–reservation use, or otherwise varied something more than mere nomenclature, this might be a different case. But it has not done so, and we decline to treat the case as if it had.

In so holding, the court rejected the State's argument made in reliance on *Mescalero Apache Tribe v. Jones,* 411 U.S. 145, 36 L. Ed. 2d 114, 93 S. Ct. 1267 (1973), which acknowledged a state's authority to tax tribal activities conducted outside the reservation. The Department of Revenue embraces the same position in this case that it took in *Colville.* The Supreme Court's rejection of that position necessarily dictates that it be rejected in this court.

The Department further contends, however, that *Colville* can be distinguished because *Colville* involved an excise

tax, while this case involves a use tax. For authority the Department relies on *Sullivan v. United States,* 395 U.S. 169, 23 L. Ed. 2d 182, 89 S. Ct. 1648 (1969). *Sullivan* involved an interpretation of section 514 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA App. § 574, which exempts military personnel from certain state taxes. We believe *Sullivan* is inapposite. First, *Sullivan* did not involve the unique issue of state taxation over Indians. Moreover, as we read *Sullivan,* that case merely draws a distinction between a use tax and a property tax, not between an excise tax and a use tax. *Sullivan v. United States, supra* at 181–83. Generally, use taxes have been considered as a form of excise tax. 68 Am. Jur. 2d *Sales and Use Taxes* § 172 (1973). Further, the Department's argument would seem to be directly contrary to the Supreme Court's admonition in *Colville* that "something more than mere nomenclature" must be varied. 447 U.S. at 163–64, 65 L. Ed. 2d at 36. Accordingly, *Colville* controls the disposition of this case.

Judgment is reversed and remanded for entry of an order granting plaintiff's motion for summary judgment.

PEARSON and PETRIE, JJ., concur.

Reconsideration denied February 23, 1981.

Review denied by Supreme Court May 8, 1981.